# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WARREN D. GREEN, | ) | CASE NO.: 5:16CV2538 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on the objections filed by Plaintiff Warren D. Green ("Green") to the Report and Recommendation ("R&R") of the Magistrate Judge. This action was referred to the Magistrate Judge for an R&R on Green's Appeal of the Social Security Administration's decision to deny his claim for disability insurance benefits. Magistrate Judge Ruiz issued his R&R recommending that the Commissioner's decision be affirmed. Green has filed his objections to that decision and the Commissioner has replied in support of the R&R.

For the reasons stated below, Green's objections are OVERRULED. The R&R is adopted in whole and the decision of the Commissioner is hereby AFFIRMED.

**I.   Facts**

Neither party has identified an error in the factual and procedural history reflected in the R&R, which adequately sets forth that background. The Court will therefore adopt the history as written without reiterating those sections herein.

1

## II. Standard of Review

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

## III. Green's Objections

Green states three objections to the Magistrate's decision affirming the Commissioner's decision to deny his application for benefits. First, Green contends that the ALJ failed to build an accurate and logical bridge between the evidence cited and the ALJ's credibility determination and that the Magistrate Judge erred in finding no flaw in the ALJ's determination. Second, Green contends that the Magistrate Judge erred in concluding that the ALJ's Residual Functional Capacity ("RFC") determination was supported by substantial evidence. Third, Green contends that the Magistrate Judge incorrectly found that the ALJ's Step Five analysis was supported by substantial evidence. Green's objections to the R&R substantively restate his original assignments of error: (1) the ALJ failed to properly evaluate his neurofibromatosis and psychiatric impairments at step three of the substantial evaluation (restated in response to the R&R as an objection the Magistrate's finding that the ALJ's RFC determination was supported by substantial

2

evidence); (2) the ALJ did not properly evaluate Green's credibility and (3) the ALJ failed to meet his burden at Step Five of the sequential evaluation. (Doc. #13). Although Green's objections to the R&R similarly restate the arguments made in his original merits brief, the Court will address each in turn.

With regard to his first objection, concerning the ALJ's credibility determination, Green ignores the detailed discussion of his medical history with regard to his stated impairments, which was quoted extensively in the R&R. Green cites this court's decision in *Fleischer v. Astrue*, 774 F.Supp. 875, 877 (N.D. Ohio, March 1, 2011) in support of his contention that both the ALJ's decision and the R&R lack the necessary logical bridge between the evidence cited and the ultimate credibility findings. Contrary to Green's representations, the R&R directly addresses the connection between the ALJ's decision and the material in the record:

> The ALJ went on to address the credibility of these allegations as follows:
>
> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.
> * * *
> Relevant to the claimant alleged neurofibromatosis and degenerative disc disease of the lumbar spine, the claimant was diagnosed with neurofibromatosis on March 27, 2008 (2F/3), and x-ray examination dated January 15, 2015 indicated degenerative changes to the lumbar spine (13F/4). While these findings would be consistent with the claimant's allegations of mid-back to low-back pain (2A/6), "aching and throbbing" in nature and descending to his left calf (l5F/2), the record, when considered as a whole, is not supportive of the contention that the existence of this impairment would be preclusive of all types of work.
>
> X-ray examination of the claimant's lumbar spine, dated January 15, 2015, indicated "minimal" degenerative changes (13F/4). Diagnostic imaging of the lumbar spine, dated December 18, 2014, indicated findings consistent with the claimant's history of neurofibromatosis, but no stenosis at any level of the lumbar spine, findings stable since 2012 (13F/15-16).

> The claimant was assessed by a neurosurgeon on May 5, 2015 as a non-surgical candidate (15F/2) and his pain management treating source noted on August 3, 2015, that the claimant had no lesions affecting his spinal cord or nerve roots (17F/3).
>
> Physical examinations included in the record have consistently, albeit not universally, reported either minimal or normal findings, including one dated March 26, 2014, which indicated skin nodules in the back and right wrist, but non-tender, with negative straight leg raising, a normal gait, normal sensation, strength, range of motion of the lumbar spine and all extremities (8F/6), one dated November 21, 2014, which indicated a normal range of motion of all extremities, with no tenderness to palpation, and no motor or sensory deficits (13F/20), or one dated April 10, 2015, which indicated an antalgic gait and periodic "give away" weakness of the legs, but otherwise normal strength, symmetrical reflexes, normal coordination, normal sensation and no spasms (18F/5).
>
> The claimant follows a regimen of prescription medications intended to address these impairments, which have been effective (15F/3).
>
> The claimant has reported some effectiveness of a non-medicinal palliative, specifically a transcutaneous electrical nerve stimulator (3E/7).
>
> However, the claimant has not discernibly followed any other course of treatment, whether conservative in nature, such as a course of physical therapy, or more invasive, such as a course of injection therapy.
>
> In sum, the evidence would indicate that the symptom limitations relevant to this impairment are not as severe as alleged. In a setting where the claimant would be restricted to work at the light exertional level, and would avoid all exposure to workplace hazards, including unprotected heights and dangerous moving machinery, adequate allowance will have been made for these impairments.
> (Tr. 24-25).

(Doc. #17, 19-20.) Having noted the ALJ's specific discussion of the factors weighing against Green's credibility, the Magistrate Judge further explained that the ALJ "discussed effectiveness of Plaintiff's pain medications, other treatments. . . and the conservative nature of Plaintiff's treatment in general and the lack of more invasive treatment such as surgery, pain injections, or even physical therapy." (Doc. #17, p. 20.) The R&R continues to note that the ALJ coupled his review of Green's medical history with his assessment of Green's daily activities, which included "chores, using public transportation, and going on an outing to Cedar Point," when completing his

credibility analysis. (Doc. #17, p. 21.) The fact that Green would construe his history differently or believes other aspects of the record should have weighed more heavily is not probative of a defect in the logical connection between the record and the ALJ's conclusion or the Magistrate Judge's assessment of that conclusion. Green has not identified a lack of substantial evidence in the record supporting the Commissioner's conclusion or any other defect in the R&R, accordingly Green's first objection to the R&R is overruled.

With regard to Green's second objection, concerning the ALJ's RFC determination, Green believes that the ALJ should have reached a different conclusion based on his history of pain and deterioration over time. As the R&R indicates, the ALJ's physical and mental RFC findings were supported by doctor's opinions in the record and Green offers no medical source opinions that suggest a greater RFC was required. (Doc. #17, p. 24-25.) Green identifies no error in the Magistrate Judge's conclusion that the ALJ's RFC determinations were supported by substantial evidence in the record. Green's conclusory assertion that the ALJ did not consider his pain and change in health is not reflective of the record or of applicable law. Accordingly, Green's second objection is overruled.

With regard to Green's third objection, concerning the Magistrate's finding that the ALJ's Step Five analysis was supported by substantial evidence, Green ignores the distinction between hypotheticals based on the those limitations that have been found to be credible, as stated in *Pasco v. Comm'r of Soc. Sec.*, 137 Fed. App'x 828 (6th Cir. 2005), and hypotheticals based on Green's assessment of his limitations. (Doc. #17, p. 26.) Green does not identify any defect in the Magistrate Judge's conclusion that the ALJ's RFC determination was based on substantial evidence with regard to those limitations that were identified as credible. Accordingly, Green's

third objection is overruled.

## IV. Conclusion

Green's objections are OVERRULED. The Magistrate Judge's Report and Recommendation is ADOPTED in its entirety. The judgment of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

Dated: January 24, 2018  /s/ John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE